THOMAS W. GULLEDGE et al. *v.* EDWARD BERRY and JOEL GULLEDGE, Adm'r, &c.

1. EXECUTOR: RIGHT TO COMPOUND DEBTS.—An executor or administrator has the

Gulledge et al. *v.* Berry et al.

power to compound and settle debts due the estate, in cases where it is shown that such course was beneficial, and free from fraud, negligence, or misconduct. See *Baily* v. *Dilworth,* 10 S. & M. 409.

2. SAME : WHAT A GOOD PAYMENT TO.—The power vested by law in an administrator or executor, to compound debts, does not authorize the reception of a slave or other property in payment of a debt due the estate, from a debtor who is perfectly solvent; and such a payment will not discharge the debtor.

IN error to the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

*Yerger* and *Rucks,* for plaintiff in error,

Contended, that a payment made to an administrator, in property, was as good as a payment made in money, and that an administrator had the right to release and compound debts due the estate. See 3 S. & M. 625; 10 Ib. 404.

*Burrus* and *Dougherty,* for defendants in error,

In reply, insisted that the purchase made by Joel Gulledge of the slave, from Thomas Gulledge, in payment of the note sued on, was a misapplication of the funds of the estate to his own use, and a fraud upon the rights of his co-administrator and the distributees. That the power given by law to an administrator to compound and settle the debts due the estate, did not authorize an arrangement of this sort, where the debtors were perfectly good and solvent. They cited and commented on the following authorities : *Prosser* v. *Leatherman,* 4 How. 237; *Miller* v. *Helm,* 2 S. & M. 687; *Scott* v. *Searles,* 7 Ib. 505; 2 Williams on Ex. 612; 5 Randolph, 195, 294; *Berry* v. *Parker,* 3 S. & M. 639; 10 Ib. 405; Hutch. Code, 663-670, §§ 86-110.

HANDY, J., delivered the opinion of the court.

This was an action on a promissory note, made by the plaintiffs in error to the defendants, as administrators of John Warren. The defendants below pleaded payment; and on the trial, it appeared that the principal maker of the note had paid to Joel Gulledge, who was one of the acting administrators, seven hundred and sixty-two dollars in cash ; and that he afterwards paid him the sum of

fourteen hundred and forty-eight dollars, by the sale and delivery to Joel Gulledge of a slave valued at that sum.

The verdict and judgment were for the plaintiffs, deducting the amount paid in cash, and the defendants moved for a new trial, which was overruled.

An executor or administrator has the power to compound and settle a debt. But in order to render the act valid and binding upon the estate, it must be shown that it was beneficial to the estate, and free from fraud, negligence or misconduct. *Bailey* v. *Dilworth,* 10 S. & M. 409.

In this case, no circumstance whatever is shown to justify the administrator in taking a slave in part payment of the debt due the estate, and under such circumstances, it cannot be regarded as a payment. Such a transaction might be highly detrimental to the estate and injurious to the co-administrator, and cannot be sanctioned.

Let the judgment be affirmed.